**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| *In re Stryker Corporation Cyberattack Litigation* | Case No. 1:26-CV-00832-HYJ-PJG |
|  | Hon. Hala Y. Jarbou |
|  | Hon. Philip J. Green |

**DECLARATION OF JUAN PABLO CALDERON**
**IN SUPPORT OF STRYKER CORPORATION'S**
**MOTION TO DISMISS**

I, Juan Pablo (JP) Calderon, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am over the age of eighteen and competent to make this declaration.

2.      I am currently the Chief Information Security Officer at Stryker Corporation ("Stryker").  In this role, I am familiar with, and knowledgeable about, Stryker information technology and security.  I make this declaration based on my personal knowledge of the facts set forth herein, my review of the documents duly maintained by Stryker, and communications with members of my team.  If called as a witness, I could and would competently testify to the matters set forth in this declaration.

3.      On March 11, 2026, Stryker announced it experienced a cybersecurity attack ("Cyberattack").  The Cyberattack caused disruptions to our business operations.  Upon detecting the Cyberattack, Stryker quickly activated its incident response plan and launched an investigation into the extent and impact of malicious activity.  The investigation continued for approximately three months and has largely been completed.

4.      I understand eight individuals claim to be either current or former employees of Stryker and have sued the Company over the Cyberattack: plaintiffs Tom Mesmer, Dax Dodge, Joseph Fredrickson, Scott Mangold, Maurice Primer, Tristan Tanner, Belva Thompson, and Stacy Trepanier ("Plaintiffs").   I further understand that they allege in paragraph 28 of the Consolidated Amended Complaint ("CAC") that their Name, Social Security Number, financial account information, health insurance information, and driver's license information ("PII"), was accessed in the Cyberattack.

5.      Stryker's investigation into the Cyberattack did not uncover any evidence that Plaintiffs' PII was accessed in the Cyberattack.   As part of its investigation, Stryker, with the help of their independent experts, reviewed files and data that were identified as potentially being accessed by the threat actor during the Cyberattack.   Those files and data were searched for Plaintiffs' PII and Stryker determined as a purely factual matter that none of the Plaintiffs' PII exists in those files and data.  I observed searches for Plaintiffs' PII being run across those files and data and confirmed they do not contain Plaintiffs' PII.   Those files and data did contain the ***business*** email addresses of Plaintiffs Dax Dodge and Joseph Fredrickson.

6.      Stryker  is  required  by  governing  legal  frameworks  in  various jurisdictions to make written notification to any individual whose PII was accessed during any incident like the Cyberattack.  Stryker has not notified any of these eight individuals that their PII was accessed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22 day of June 2026.
Kalamazoo, Michigan

_____
Juan Pablo Calderon

3